■ EMLIN SHAW, Respondent, v RIVERBAY CORPORATION, Appellant. [730 NYS2d 326] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered February 6, 2001, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a tenant in defendant's housing project, Co-Op City, on June 13, 1996 at approximately 6:20 A.M., was accosted in the lobby of her building, abducted by elevator to the building's basement and there robbed and assaulted. Plaintiff's assailant, subsequently identified as Darren Keller, was thereafter apprehended and successfully prosecuted. This action was brought by plaintiff to recover for injuries sustained by her as a result of the Keller assault, which she claims was substantially attributable to defendant's negligence. While Keller apparently gained access to plaintiff's building with a key supplied by another tenant, and not by reason of defective doorlocks, factual issues remain as to whether defendant, which had undertaken to furnish extensive security services to its tenants, including security officers to patrol its vast premises (*see, Leyva v Riverbay Corp.*, 206 AD2d 150, 154-155), adequately discharged such security duties as it had assumed with respect to the incident in question. It is undisputed that during the 45 minutes preceding the assault upon plaintiff, two phone calls were made to defendant's security office by a tenant in plaintiff's building who reported the presence of a suspiciously behaving loiterer in the building's lobby. Although defendant maintains that it dispatched security officers to the lobby and that no one was found there, the tenant who reported the loiterer's presence has testified that he observed the lobby on closed-circuit television during the period in question and that defendant's security personnel did not respond to his calls; according to the tenant, it was only after he made a third call, reporting that the loiterer had forced a woman into an elevator, that defendant's security officers reported to the scene. Plainly, the tenant's testimony raises triable issues as to the sufficiency of defendant's response to the tenant's first two phone calls, and, accordingly, as to whether plaintiff's harm is substantially attributable to negligence by defendant in the performance of such security obligations as it had undertaken on its tenants' behalf (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522; *see also, Cruz v Madison Detective Bur.*, 137

AD2d 86). Concur—Nardelli, J. P., Williams, Tom, Andrias and Marlow, JJ.